IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERESA A. ROBINSON,

        Plaintiff,

vs.                               Case No. 15-7644-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

On June 19, 2018, plaintiff filed a motion for attorney fees under 42 U.S.C. 406(b) (Doc. 27-28). Defendant filed their response on June 27, 2018 (Doc. 30).

Plaintiff received notice of an award of disability benefits on April 21, 2018 (Doc. 28-3 at 3). Section 206(b) of the Social Security Act ("SSA"), 42 U.S.C. § 406(b), provides that "[w]henever a court renders a judgment favorable to a claimant ... the court may determine and allow as part of its judgment a reasonable [attorney] fee ... not in excess of 25 percent of the past due benefits." This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where plaintiff ultimately recovers past due benefits. Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933

1

(10th Cir. 2008). Where plaintiff has agreed to a contingency fee arrangement, the Court must review the agreement as an independent check to assure that it yields a reasonable result in the particular case. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order (reviewing courts should disallowing windfalls for lawyers). Id., 535 U.S. at 808.

The court finds numerous errors and questions connected with this motion. First, plaintiff's motion states that the agency withheld 25% of the past due benefits, which was $37,668.50 (Doc. 28 at 2). The Social Security Administration indicates it withheld $37,668.50 (Doc. 28-3, Exhibit 3 at 1). At one point, plaintiff's counsel requests a fee in the amount of $33,873.50 (Doc. 27 at 1; Doc. 28 at 4). However, inexplicably, plaintiff's counsel at another point requests a fee in the amount of $33,817.50 (Doc. 28 at 2). Therefore, the court cannot ascertain for what amount plaintiff's counsel is in fact seeking attorney fees.

Second, the Social Security Administration indicates that they paid $6,000 to plaintiff's attorney based on a fee agreement, but are withholding the remainder ($31,668.50) for possible payment of a fee the court may authorize (Doc. 28-3, Exhibit 3 at 1). The Administration also stated that, under the

2

fee agreement, the representative cannot charge you more than $6,000.00 for his or her work (Doc. 28-3, Exhibit 3 at 5). Plaintiff's counsel has failed to address whether they have already been paid $6,000.00. They have also failed to address the language in the Administration notice that the representative cannot charge you more than $6,000.00. Defendant's response also failed to address these issues. The court cannot rule on this motion until and unless both parties address these issues.

Third, <u>Gisbrecht</u> states that the court may require claimant's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing charge for non-contingent cases as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement. 122 S. Ct. at 808. Plaintiff's counsel submitted such an affidavit (Doc. 28-1). That affidavit shows that counsel spent 41.75 hours on the case (Doc. 28-1 at 4). However, when plaintiff's counsel filed their reply brief on the EAJA motion, they noted that they incorrectly totaled the hours expended in the initial application at 41.75, when in fact it was 43.75 hours. Counsel also sought an additional 6.75 hours preparing the reply brief, for a total of 50.50 hours (Doc. 25 at 10). The court found that 40 hours was reasonably expended by counsel, and awarded EAJA fees based on 40 hours of

3

work performed (Doc. 26). Thus, any award would need to reflect the court's earlier order that 40 hours was reasonably expended by counsel in this case at the district court level.

For the reasons set forth above, the court will deny plaintiff's motion without prejudice. However, when plaintiff's counsel refiles this motion, they will also need to take into account this court's rulings in Marie-Jones v. Berryhill, Case No. 12-2652-SAC (D. Kan. April 5, 2017; Doc. 26), and Reynolds v. Berryhill, Case No. 15-2676-SAC (D. Kan. Sept. 13, 2017; Doc. 26). In Reynolds, counsel sought a § 406(b) award which reflected an effective hourly rate of $587.78, and in Marie-Jones, counsel sought a § 406(b) award which reflected an effective hourly rate of $474.78. In both cases, the court found those requests unjustifiably high, and reduced the effective hourly rate in the § 406(b) award to an effective hourly rate of $425.00 an hour. Assuming that counsel is seeking in the present motion an award of fees of $33,873.50, for 40 hours of work reasonably expended, that would represent an effective hourly rate of $846.84. That amount is unjustifiably high and will not be awarded in this case. If this motion is refiled, counsel's motion should take into account the case law in the 10th Circuit and in the District of Kansas, and this court's ruling in Reynolds and Marie-Jones.

IT IS THEREFORE ORDERED that plaintiff's motion for approval of attorney fees (Doc. 27) is denied without prejudice. A renewed motion by counsel shall address the issues raised in this order.

Dated this 24th day of July 2018, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge